**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MILTON DONELL WOFFORD**                                            **PETITIONER**

**VS.**                            **CASE NO. 5:09CV00210 JMM/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                            **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Milton Donell Wofford, an inmate in the custody of the Arkansas Department of Correction (ADC), seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  On March 7, 2007, after a jury trial in Pulaski County Circuit Court, Mr. Wofford was convicted and sentenced to 30 years in the ADC for attempted rape.  A direct appeal, where the petitioner alleged the evidence was insufficient, was unsuccessful. *Wofford v. State*, 2008 WL 316163 (Ark. App. Feb. 6, 2008) (unpublished).  Mr. Wofford then sought Rule 37 relief, alleging his trial counsel was ineffective for failing to adequately cross examine the witnesses, and alleging other errors by counsel and prosecutorial misconduct.  The trial court denied the Rule 37 petition by order dated January 12, 2009, describing the petitioner's claim as an allegation that counsel "was ineffective when he failed to adequately cross examine witnesses regarding the truthfulness of their testimony."  See Exhibit F to docket entry no. 6.  The Rule 37 petition itself is difficult to understand.  See Exhibit E to docket entry no. 6.Mr. Wofford began the appeal process, filing a notice of appeal and lodging the record with the Arkansas Supreme Court.  The petitioner was informed that his brief was due no later than April 13, 2009.  On April 7, 2009, Mr. Wofford filed a motion for a copy of the record as well as an extension of time to file the brief.  The Arkansas Supreme Court rendered those motions moot when, on May 28, 2009, they dismissed the petition because "it is clear that appellant cannot prevail. . ." *Wofford v. State*, 2009 WL 1497509 (Ark. May 28, 2009) (unpublished).

In his current petition, Mr. Wofford advances the following claims for relief:

2

1.  Trial counsel was ineffective for failing to adequately question, cross-examine, or object to the questioning of the witnesses regarding inconsistencies in the testimony;

2.  Trial counsel failed to timely interview Debra Martin prior to the trial;

3.  Trial counsel failed to introduce the transcript of the bond hearing;

4.  Trial counsel was ineffective for failing to investigate and call certain witnesses, including Dennis Mitchell and Maurice Martin;

5.  Trial counsel failed to perform a background check on Cynthia Robinson, which may have shown that she had mental problems;

6.  Prosecutorial misconduct occurred when the state allowed witnesses to lie;

7.  Prosecutorial misconduct occurred when the state focused on "false evidence" during opening and closing arguments; and

8.  Prosecutorial misconduct occurred when the state failed to perform a background check on Cynthia Robinson in order to determine if she had mental problems.

The respondent contends that grounds 2-8 are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, respondent argues that grounds 2-8 are claims which are either expanded forms of Wofford's Rule 37 allegations or are claims raised for the first time. Respondent also urges that grounds 6-8 are claims which are not cognizable in a Rule 37 petition, and should be barred on that basis. By previous Order of the Court, the petitioner was notified that dismissal of grounds 2-8 was possible due to the apparent procedural lapse in failing to adequately litigate these claims in state court. The petitioner was further notified of his opportunity to explain why these claims should not be dismissed, and he has filed a responsive pleading. We will first consider whether any of grounds 2-8 are properly before this Court, and then proceed to address the merits of claims before us.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be

addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In the petitioner's explanatory pleading, he does not offer any reasons why he failed to raise these claims in state court. Instead, he reiterates the evidence and testimony adduced at trial. The Court is left to examine the record to determine if the grounds were adequately raised in state court and, if not, if there is cause and prejudice for this failure.

The petitioner's Rule 37 petition (docket entry no. 6-7) is difficult to decipher. The petitioner clearly faults his trial attorney for failing to point out discrepancies in the testimony of the victim and in failing to call an investigator, Mike Blain, to testify. The petition also references prosecutorial misconduct, claiming the prosecutor knew of inconsistencies in the testimony and failed to correct them. The trial court denied Rule 37 relief in an Order dated January 12, 2009. The trial judge summarized the petitioner's allegations as a claim that "he is entitled to relief because his appellate

counsel was ineffective when he failed to adequately cross examine witnesses regarding the truthfulness of their testimony." (Docket entry no. 6-8, page 2). The trial judge stated the "allegations are all matters of trial strategy." *Id.*

When the petitioner sought a copy of the record and an extension of time, the petition was dismissed because the Arkansas Supreme Court found "it is clear that the appellant cannot prevail." (Docket entry no. 6-9). In affirming the trial judge's decision, the Arkansas Supreme Court agreed that matters of trial strategy are not a proper basis for Rule 37 relief. In addition, the Court noted that the inconsistencies highlighted by the petitioner were "relatively minor in comparison to the facts contained in the statements that were consistent." (Docket entry no. 6-9). In a footnote, the Court described the petition as a "rambling account of his [petitioner's] version of events." The Court noted that Mr. Wofford raised a claim of prosecutorial misconduct but that the trial court did not rule on the allegation. The Court further noted that "an appellant has an obligation to obtain a ruling on any issue to be preserved for appeal." (Docket entry no. 6-9).

For the purpose of this Order, the first question is whether any of grounds 2-8 were raised in state court. Grounds 2-5 are specific claims of ineffective assistance of counsel. These are claims which are typically raised in a Rule 37 petition. A review of the Rule 37 petition leaves us with the impression that these claims were not clearly raised in the Rule 37 petition. However, out of an abundance of caution, and because the Rule 37 petition is difficult to follow, we will assume that these claims of ineffective assistance were raised in the Rule 37 petition. We will further assume that these claims were adequately presented on appeal in state court, and we will address the merits of claims 2-5, as well as the initial claim in the petition of Mr. Wofford.

Claims 6-8, however, fall into a different category. Although the Rule 37 petition references prosecutorial misconduct, the petition does not clearly set forth the facts Mr. Wofford now advances in claims 6-8. The trial court, in considering the Rule 37 petition, did not rule on any claim of prosecutorial misconduct. The Arkansas Supreme Court, likewise, did not address any of the three claims. Finally, these claims of prosecutorial misconduct may have been available to be raised on

direct appeal.  Mr. Wofford did not pursue these claims on direct appeal, and does not indicate why he did not do so.  In summary, grounds 6-8 were not adequately raised in state court, on either direct appeal on in Wofford's Rule 37 petition.  The petitioner fails to establish cause and prejudice for the failure to raise the claims in state court, and we recommend that these claims be dismissed as procedurally barred.

We now consider claims one through five, all of which focus on the allegedly deficient performance of trial counsel.  In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985).  The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984).  This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

Ground one was raised in Mr. Wofford's Rule 37 petition.  We have generously construed the Rule 37 petition as also raising grounds 2-5.  These claims were all decided adversely to Mr. Wofford.  When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court."  28 U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our

cases," or "confronts a set of facts that are materially indistinguishable from a
decision of this Court and nevertheless arrives at a result different from our
precedent."  A state court decision will be an "unreasonable application of" our
clearly established precedent if it "correctly identifies the governing legal rule but
applies it unreasonably to the facts of a particular prisoner's case."
        . . . Distinguishing between an unreasonable and an incorrect application of
federal law, we clarified that even if the federal habeas court concludes that the state
court decision applied clearly established federal law incorrectly, relief is appropriate
only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

        In this instance, the petitioner does not show the decision rendered in state court was contrary
to or an unreasonable application of federal law.  To the contrary, the applicable legal standard set
forth in *Strickland v. Washington* were applied to the facts.  Also, the petitioner makes no showing
that the state court decisions were based on an unreasonable determination of the facts in light of the
evidence.

        We have carefully reviewed the trial transcript.  The petitioner was convicted of the
attempted rape of a twelve year old relative.  Under Arkansas law, her testimony alone would be
sufficient to support a conviction.  The Arkansas Court of Appeals ably summarized the trial
evidence:

        The victim, CR, testified that she and her cousin, AR, were less than fourteen
years of age when her great uncle, Wofford, and another man invited them to get
something to eat. After dropping off the other man, Wofford took the girls to a
truck-stop parking lot where he had his tractor-trailer parked. The truck was
equipped with a sleeping compartment with bunk beds. Wofford invited the girls
into the truck and played a pornographic movie. According to CR, the girls
refused to watch the movie and kept their heads under the covers in the bunk beds.
Wofford then pulled the covers off and told them he was going to have to kill
them because he knew that they would tell their mothers. He climbed up onto the
top bunk with the girls. Because it was a small space, Wofford laid partially on
top of the girls. AR pushed him off and left the truck, saying that she was going to
the bathroom. Subsequently, Wofford unbuttoned CR's pants and unbuckled his
belt. CR began kicking and scratching and Wofford fell out of the bed. She
jumped down to exit the compartment. Wofford snatched the bottom of her pants,
pulling them off. As she ran across the parking lot, she encountered a man who
told her to stay with him while he called the police.

        The man that CR spoke about was John Intel, a security guard at the truck stop.
His testimony corroborated CR's account of her escape. He stated that CR was
very scared and excited, and was wearing only a t-shirt and panties. According to

Intel, Wofford approached him and said that he was just getting his niece back. Intel stated that CR screamed and squeezed him each time Wofford took a step closer. Intel told Wofford that if he did not stop, he would shoot him. Wofford then tossed him CR's pants. He watched Wofford until North Little Rock police arrived.

AR also corroborated CR's account of the incident. She stated that when Wofford climbed onto the top bunk where the girls were lying, he lay on CR. AR got off the bunk when she saw Wofford "go into [CR's] pants." AR saw CR crying as AR left the truck and ran to the nearest gas station, losing her flip-flops in the process. At the gas station, AR encountered a lady whom she told that Wofford was trying to rape her cousin.

Police investigator Mike Bayed testified that Wofford admitted that he had a pornographic movie in his rig, but claimed that he played it at the girls' request. Bayed recovered the DVD case for a pornographic movie in the sleeping compartment, along with a pair of girl's flip-flops. Additionally, there was testimony from Cynthia Robinson, Wofford's thirty-year-old niece, who stated that Wofford asked her to have sex with him when she was twelve.

We believe that the foregoing testimony about Wofford playing a pornographic movie, lying on top of his victim, removing the victim's pants, unbuckling his own belt, and generally behaving in a way that was interpreted by AR as an attempt to rape CR, constitutes substantial evidence of an overt act undertaken toward the accomplishment of sexual intercourse with the victim. We hold, as did the court in *Summerlin,* that "actions speak louder than words."

*Wofford v. State*,  2008 WL 316163, 2 (Ark.App.,2008).

Our review of the transcript persuades us that the state court correctly applied *Strickland v. Washington*.  We agree that the trial attorney did not act unreasonably in defending Mr. Wofford.  As a result, the first prong of the *Strickland* formula was not satisfied by the petitioner. Even if we were to assume some error on the part of the trial attorney, the second prong of the formula was not established – there was no prejudice to the petitioner.  The ample evidence against him clearly demonstrates that the result of the trial would not have been different based upon a change in his attorney's trial tactics.  There is no merit to claims one through five.

In summary, we find the first five claims are without merit, and claims six through eight are procedurally barred.  As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this  16   day of November, 2009.

8

_____
UNITED STATES MAGISTRATE JUDGE